UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, DEFENDERS OF WILDLIFE, CONSERVATION NORTHWEST, IDAHO CONSERVATION LEAGUE, SELKIRK CONSERVATION ALLIANCE, and THE LANDS COUNCIL,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN KELLY, U.S. Fish and Wildlife Service Idaho State Supervisor, and U.S. FISH AND WILDLIFE SERVICE,<br><br>Defendants. | Case No. 1:13-CV-00427-EJL-CWD<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

On June 19, 2014, Chief United States Magistrate Candy W. Dale issued a Report and Recommendation in this matter. (Dkt. 42.) The Report and Recommendation sets forth the underlying factual and procedural history of the case and recommends that the Defendants Kootenai Tribe of Idaho, Boundary County, and Governor C.L. "Butch"

**ORDER ADOPTING REPORT AND RECOMMENDATION- 1**

Otter's Motions to Intervene be granted. (Dkt. 42.)[1] Pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days in which to file written objections to the Report and Recommendation. No objections were filed by the parties and the time for doing so has passed.

## DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

---

[1] There remains pending a Motion to Intervene by the Idaho State Snowmobile Association, Inc. and Bonner County that only recently became ripe. (Dkt. 33, 39, 41.) An order on this pending Motion will be issued in due course.

**ORDER ADOPTING REPORT AND RECOMMENDATION- 2**

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)).

In this case, no objections were filed so the Court is not required to conduct a *de novo* determination of the Report and Recommendation. The Court has, however, reviewed the Report and Recommendation as well as the record in this matter and finds no clear error on the face of the record. The Magistrate Judge properly set forth the law applicable to the Motions to Intervene and has appropriately applied the law to the facts and circumstances of this case. For the same reasons articulated by the Magistrate Judge, this Court too finds that the Motions to Intervene should be granted.

In sum, the Court finds the Report and Recommendation is well-founded in the law based on the facts of this particular case and this Court is in agreement with the same. Accordingly, the Court will adopt the Report and Recommendation and will grant the Defendants' Motions to Intervene as stated therein.

Additionally, there is a pending Motion for Summary Judgment in this case filed by the Plaintiffs. (Dkt. 38.) Responses to that Motion are due on August 8, 2014 with

**ORDER ADOPTING REPORT AND RECOMMENDATION- 3**

reply briefs being due on September 15, 2014. The Court will allow these intervening parties to file a joint response to the Motion for Summary Judgment of no more than 24 pages on or before August 8, 2014. In the event these intervening parties are unable to coordinate a joint response, they may file individual responses of no more than 8 pages each on or before August, 8, 2014. If necessary, Plaintiffs may seek leave of the Court to file a limited number of additional pages in its reply briefing to address the briefing filed by the intervening parties.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Report and Recommendation (Dkt. 42) shall be **INCORPORATED** by reference and **ADOPTED** in its entirety.

**IT IS FURTHER ORDERED** that Defendants' Motions to Intervene (Dkts. 9, 14, 20) are **GRANTED** as stated herein.

DATED: **July 11, 2014**

Honorable Edward J. Lodge
U. S. District Judge