UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, DEFENDERS OF WILDLIFE, CONSERVATION NORTHWEST, IDAHO CONSERVATION LEAGUE, SELKIRK CONSERVATION ALLIANCE, and THE LANDS COUNCIL,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN KELLY, U.S. Fish and Wildlife Service Idaho State Supervisor, and U.S. FISH AND WILDLIFE SERVICE,<br><br>Defendants. | Case No. 1:13-CV-00427-EJL-CWD<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

On August 5, 2014, Chief United States Magistrate Candy W. Dale issued a Report and Recommendation (the "Report") in this matter. (Dkt. 46.) The Report sets forth the underlying factual and procedural history of the case and recommends that the Defendant Idaho State Snowmobile Association ("ISSA") and Bonner County's joint Motion to

**ORDER- 1**

Intervene be granted. (Dkt. 46.)[1] Any party may challenge a Magistrate Judge's proposed recommendation by filing written objections to the Report within fourteen days after being served with a copy of the same. 28 U.S.C. § 636(b)(1) and District of Idaho Local Rule 72.1(b). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the Magistrate Judge. *Id.*; *see also* Fed. R. Civ. P. 72(b). Plaintiffs filed objections to the Report. (Dkt. 47.) The matter is now ripe for the Court's consideration. See Local Civil Rule 72.1(b)(2); 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

---

[1] The Court previously granted motions to intervene filed by the Kootenai Tribe of Idaho, Boundary County, and Governor C.L. "Butch" Otter. (Dkt. 43.)

**ORDER- 2**

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)).

In this case, objections were filed so the Court has conducted a *de novo* review of the Report as to those portions to which Plaintiffs have object and has also reviewed the Report for clear error on the face of the record. Having done so, the Court finds as follows.

# DISCUSSION

Plaintiffs objections to the Report argue it incorrectly concluded that 1) the current parties will not adequately represent the interests of the proposed intervenors and 2) a change in the briefing schedule at this date would prejudice the Plaintiffs. (Dkt. 47.) Alternatively, Plaintiffs ask that if the Court allows intervention that consolidated or limited briefing is appropriate. (Dkt. 47.)

**1)  Intervention**

In this Motion to Intervene the ISSA and Bonner County seek to intervene as Defendants in this action involving the United States Fish and Wildlife Service's designation of critical habitat for the southern Selkirk Mountains population of woodland caribou. (Dkt. 33.)[2] The prospective intervenors argue they should be allowed to intervene as of right and/or permissively. Plaintiffs oppose the intervention, and object to the Report, arguing the prospective intervenors' recreational and economic interests are already adequately represented in this case by Boundary County and the State. (Dkt. 39, 47.) Specifically, Plaintiffs assert that this case involves a narrow legal issue concerning whether the United States Fish and Wildlife Service's designation of critical habitat was lawful and the interests of promoting access, recreation, and tourism in the affected area are adequately represented by the State and Boundary County. (Dkt. 47 at 2-8.)

---

[2] The Chief Magistrate Judge's Report nicely sets forth the factual and procedural background of this case, to which there is no objection, and the Court adopts the same. (Dkt. 46.)

**ORDER- 4**

Having considered the Report, Plaintiffs' objections, the original briefing on the Motion, and the entire record here, the Court finds that the Report has correctly concluded that these proposed intervenors have a focused interest on the impact of this case on snowmobile recreation in the area such that intervention should be granted. (Dkt. 46.) Although the other intervening parties have an interest in tourism and recreation, which includes snowmobiling, those parties' interests are broader and distinct in that they are focused primarily on driving the local economy. For instance, Boundary County mentions snowmobiling as one in a list of recreational activities that the community relies on to remain economically viable. (Dkt. 14-2 at ¶ 5.) That mere mention of snowmobiling as one activity in a list of tourism/recreational activities Boundary County relies upon as a source of income is a distinct interest from that of ISSA's interest in preserving the activity for its members and Bonner County's own community interests. Likewise, the State's interest in protecting access to the use of lands is broader to that of ISSA's.

Alternatively, this Court agrees with the Report that even if intervention as of right were not found, this Court would exercise its discretion to allow these prospective intervenors permissive intervention. The claims and/or defenses of the proposed intervenors' share common questions of law or fact with the main action. *See* Fed. R. Civ. P. 24(b). Further, as discussed below, the intervention will not unduly delay or prejudice the adjudication of this case. *Id.*

Accordingly, the Court finds the Chief Magistrate Judge properly set forth the law applicable to the Motion to Intervene and appropriately applied the law to the facts and circumstances of this case. (Dkt. 46.) For the same reasons articulated by the Magistrate Judge, this Court too finds that the Motion to Intervene should be granted. In sum, the Court finds the Report and Recommendation is well-founded in the law based on the facts of this particular case and this Court is in agreement with the same. Accordingly, the Court will adopt the Report and Recommendation and will grant the Defendants' Motions to Intervene as stated therein.

**2)   Prejudice to Plaintiffs**

Plaintiffs' objections argue that a change in the briefing schedule for the pending Motion for Summary Judgment would prejudice them. (Dkt. 47.) The responsive briefing on the Motion for Summary Judgment is due imminently with filings being made no later than August 18, 2014. (Dkt. 45.) Given the particular nature of the interests of ISSA and Bonner County, the Court finds they will be able to submit their responsive briefing within the current time frame and will allow these intervenors to file a joint brief of no more than eight pages on or before August 18, 2014 in response to the pending Motion for Summary Judgment.[3] Because of the compressed timing, no extensions to this time

---

[3] As to the other intervening parties, the Court previously directed that they file a joint response to the Motion for Summary Judgment of no more than 24 pages or individual responses of no more than 8 pages. (Dkt. 43.)

**ORDER- 6**

frame or page limitations will be granted. This resolution addresses the Plaintiffs' concerns regarding further extensions of the briefing deadlines and possible prejudice. (Dkt. 47.)

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Report and Recommendation (Dkt. 46) shall be **INCORPORATED** by reference and **ADOPTED** in its entirety.

**IT IS FURTHER ORDERED** that Defendants' Motions to Intervene (Dkt. 33) is **GRANTED** as stated herein.

**IT IS FURTHER ORDERED** that Defendant Intervenors Idaho State Snowmobile Association and Bonner County may file a joint responsive brief to Plaintiffs' Motion for Summary Judgment totaling no more than eight (8) pages on or before August 18, 2014.

DATED: **August 15, 2014**

Honorable Edward J. Lodge
U. S. District Judge